**Jack WARD, Appellant,**

v.

**Ina Laird CHRISTOPHERSON, Appellee.**

**No. 5406.**

Court of Civil Appeals of Texas, Waco.

Jan. 9, 1975.

Rehearing Denied Jan. 30, 1975.

Bradley & Gren, Groesbeck, for appellant.

Holloway Martin, Mexia, for appellee.

## OPINION

JAMES, Justice.

This is a specific performance case. Plaintiff-Appellee Ina Laird Christopherson sued Jack Ward, Defendant-Appellant for specific performance of a written contract to convey a specific 15.75 acre tract of land. After trial before the court without a jury, the trial court entered judgment granting specific performance. We affirm.

In January 1963 Defendant Jack Ward purchased the undivided interests of Ina Laird Christopherson and that of her half-brother and half-sister, in and to a

certain 90.575 acre tract of land located in Limestone County, Texas. This tract of land was known as the old Laird home place, being that of the parents of Mrs. Christopherson. Ward paid $70.00 per acre for these undivided interests, and secured a deed from Mrs. Christopherson and her half-brother and half-sister and their spouses.

This left outstanding an undivided interest in Mrs. Janie Laird Eaton, who was a full-blood sister of Mrs. Christopherson. Mrs. Eaton and her husband, Robert H. Eaton, were declared legally dead by a judgment of the County Court of Limestone County, Texas, dated October 29, 1963. Without detailing the provisions of said judgment, suffice it to say that the judgment had the effect of vesting in Mrs. Christopherson an undivided 15.75 acre interest in and to the 90.575 acre Laird home place.

Mr. Ward sought to buy Mrs. Christopherson's undivided interest in this property. Mrs. Christopherson was hesitant to sell her interest, because she wanted to build a home someday on the site where her parents' home once stood. She and her husband lived in Dallas, Texas, and she was about three years away from retirement age at the time of trial. Mr. Ward agreed that if she would sell to him he in turn would agree to deed back to her at her request during her lifetime 15.75 acres out of the southeast corner of the 90.575 acre tract, which would include the old home site of her parents. The understanding was that if she bought it back, that it would be for the purpose of building a home and not for the purpose of resale. In other words, Mr. Ward did not want to deed it back to her to enable her to make a quick profit, but only if she wanted to build a home on it. The parties agreed that Mrs. Christopherson would deed her undivided interest to Mr. Ward for $60.00 per acre, and that she would have the right to buy back the specific 15.75 acre tract at $60.00 per acre. Mrs.

Christopherson testified that she and Mr. Ward agreed on this reduced price of $60.00 per acre as opposed to $70.00 per acre in the original conveyance, because of her being given the right to repurchase.

The parties went to Hon. Joe Cannon, a practicing attorney in Groesbeck, Texas, who had several conferences with both parties before preparing the necessary papers. Mr. Cannon prepared the deed and the contract, both of which bear the date of November 22, 1963. The deed was executed by Mrs. Christopherson and her husband, and was delivered to Mr. Ward. Mr. Ward in turn executed the contract sued upon herein, which was mailed to Mrs. Christopherson. The attorney's fees for preparation of the deed and contract were paid for by Mrs. Christopherson.

The pertinent provisions of the contract executed by Defendant Ward are as follows:

"Whereas, on the 22nd day of November 1963, Jack Ward—purchased the undivided 15.75 acre interest of Ina Laird Christopherson in a 90.575 acre tract of land—, and

"Whereas, the purchase price for said 15.75 acre undivided interest was $60.00 per acre, and

"Whereas, as part of the consideration given for said land it was agreed and understood between Vendors and Purchaser, that *the Vendor, Ina Laird Christopherson, would have the right and option to repurchase 15.75 acres of land at any time during the lifetime of Ina Laird Christopherson, for the purpose of the said Ina Laird Christopherson building a home thereon only, and not for the purpose of resale.*—and

"Whereas the said Jack Ward further agreed that he would sell the 15.75 acres which represents the undivided interest of Ina Laird Christopherson back to the said Ina Laird Christopherson at any time during her lifetime and that said 15.75 acres —would be out of the southeast corner of

the above-mentioned 90.575 acre tract of land and would include the old Laird homesite:

"Now Therefore, Know All Men By There Presents: That *I, Jack Ward,* for and in consideration of the premises *do hereby agree to sell to the said Ina Laird Christopherson at any time during her lifetime* for the price of $60.00 per acre 15.75 acres of land out of the 90.575 acres above described, said 15.75 acres to be out of the southeast portion of said 90.575 acre tract ------. *Except, however, I agree to sell said 15.75 acres to the said Ina Laird Christopherson for the purpose of constructing a home thereon only and not for resale by her.*

"And I further bind myself, my heirs and assigns to this agreement." (emphasis supplied).

In 1973 Mrs. Christopherson made it known to Mr. Ward that she wanted to buy back the 15.75 acres and that she wanted to build a home on it. Mr. Ward at first told her he would honor the contract as written. In October 1973 she had the 15.75 acre tract surveyed at her expense and had a plat and field notes prepared. She set up a meeting in Mr. Cannon's law office for the purpose of closing the transaction. Mr. Ward agreed to the time and place of this meeting, but did not appear. Later on, Mr. Ward said he would not agree to the field notes as drawn because they included a surface stock tank which he did not want to give up. Then he took the position he only agreed to let Mrs. Christopherson have the option to buy back a life estate, with the reversionary interest coming back to him at her death. In short, Mr. Ward refused to perform.

Mrs. Christopherson tendered the necessary funds into the registry of the Court to cover the agreed purchase price, and sued for specific performance of the above contract. The trial court sitting without a jury awarded judgment for specific performance in Mrs. Christopherson's favor.

By his first two points of error, Defendant-Appellant Ward asserts the contract to be void as constituting a restraint against alienation of real property. He cites the language in the contract which provides that Defendant agreed to reconvey "at any time during the lifetime of Ina Laird Christopherson for the purpose of the said Ina Laird Christopherson building a home thereon only, and not for the purpose of resale," and which further provides, "Except, however, I (Defendant) agree to sell said 15.75 acres to the said Ina Laird Christopherson for the purpose of constructing a home thereon only and not for resale by her." He contends that this language makes the contract void as a restraint against alienation of real property. We overrule this contention.

We believe the clear intention of the parties as embodied in the written instrument and as shown by the surrounding circumstances of its formulation is as follows: That any time during her lifetime Mrs. Christopherson decided she wanted to build a home on the old home site, she had the right and option to demand a deed from Mr. Ward, in which event Mr. Ward was obliged to convey the tract to her in fee simple for $60.00 per acre. She did not have the right to demand a deed for the purpose of reselling the property, but she did have the right to demand a deed if she wanted to build a home thereon. In the trial she testified that her purpose in demanding the deed was to enable her to build a home on this property, and this was not disputed. In other words, the contract provided that "building a home" had to be her reason for demanding a deed, in order to be entitled thereto, but the deed contemplated by the parties was for fee simple title.

The trial court found by way of a recitation in the judgment: "that the verbiage of such contract relating to the Plaintiff's repurchase of the property 'for building a home thereon only and not for the purpose of resale' was a limitation on the motive of

such Plaintiff repurchasing the property and not a limitation of her use of same or a restraint on her alienation of same in the event that she chose to repurchase the property." We wholeheartedly agree with the trial court in his construction and interpretation of the intention of the parties.

It is a well-settled rule that a construction of a contract which will render it enforceable is preferred to one which will render it invalid. It is also well settled that where an instrument is equally open to two constructions, the one will be accepted which renders it valid rather than void, it being assumed that the contracting party would intend to create a legal instrument rather than one which is illegal. Mattern v. Herzog (Tex.Sup.Ct.1963) 367 S.W. 2d 312; Rust v. Rust (1948) 147 Tex. 181, 214 S.W.2d 462, affirming and approving the opinion of the Austin Court of Civil Appeals in 211 S.W.2d 262. The judicially ascertained intent of a party to a written instrument is normally determined by the language employed in the instrument, read as an entirety and in the light of the circumstances of its formulation. Kelly v. Womack (1954) 153 Tex. 371, 268 S.W.2d 903.

Applying the above rules of construction to the contract in question, we hold that said contract made no provision for a restraint upon alienation as contended by Appellant in his first and second points. We accordingly overrule such points.

Appellant's third point asserts that the contract was written by Plaintiff's attorney, and therefore such contract should be strictly construed against the Plaintiff, and the trial court erred in construing it strictly against the Defendant. We overrule this point. As stated above, the parties both went to the attorney, Mr. Cannon, and had several conferences with him before he drew the deed and contract and closed the transaction. Mr. Cannon testified that he thought he was representing both of them, and said he prepared the contract "after talking to both parties." He further said, "the reason I said I was representing them both was because I talked to Jack (Ward) so much about it." Most of the lawyer's talks with Mrs. Christopherson were over the phone, whereas most of his talks with Mr. Ward were in the office. Mr. Cannon testified the "not for resale" provisions were put in the contract at the insistence of Mr. Ward, because "Jack didn't want her turning a quick profit." After Mrs. Christopherson executed the deed, Mr. Ward executed the contract and same was mailed to Mrs. Christopherson. Mrs. Christopherson paid the attorney for drawing the papers and closing the transaction.

From the record it is manifest that the attorney was in reality doing a good faith, conscientious job of representing both parties, and drew up the contract wording it in such a way as to carry out the intentions of both parties, and their meeting of the minds at that time. Under these circumstances the rules of construction as hereinabove stated are properly applicable. There is nothing in the record to indicate that the contract was drawn in such a way as to favor either party over the other, nor was such asserted by either party during the trial. Appellant's third point is overruled.

Appellant's fourth point contends that Plaintiff-Appellee's suit is barred by the four year statute of limitations, because suit was filed more than four years after the date of the contract. We overrule this point. The contract sued on was dated November 22, 1963. Plaintiff's suit was filed February 8, 1974, more than four years thereafter.

Article 5529, Vernon's Annotated Texas Statutes provides:

"Every action other than for the recovery of real estate, for which no limitation

**278**

is otherwise prescribed, shall be brought *within four years next after the right to bring the same shall have accrued* and not afterward." (emphasis supplied). Likewise, Article 5531 V.A.T.S. provides that "any action for the specific performance of a contract for the conveyance of real estate shall be commenced within four years next *after the cause of action shall have accrued,* and not thereafter." By the clear terms of the contract Mrs. Christopherson had the right at any time during her lifetime to repurchase the property in question. Her cause of action did not "accrue" until she demanded performance. It is uncontroverted that her demand for performance under the contract was well within four years of the date of her filing suit thereon. Appellant's fourth point is overruled.

■ Appellant's fifth and final point asserts error of the trial court in overruling his plea of the ten year statute of limitations. We overrule this point. Appellant pleaded the ten year statute of limitations and undertook by testimony to prove adverse possession of the subject property for more than ten years before Plaintiff's suit was brought. Clearly, the ten year statute of limitations is not applicable. Article 5510, V.A.T.S., provides in effect that any person who has the *right of action for the recovery of lands* against another having adverse possession shall institute his suit within ten years next after his cause of action shall have accrued, and not afterward. (emphasis supplied). The case at bar is not "a right of action for the recovery of lands," but is instead a suit for specific performance of a contract, and is therefore not governed by Article 5510, V.A.T.S. Appellant's fifth point is overruled.

For the reasons hereinabove state, judgment of the trial court is affirmed.

Affirmed.